IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Anthony Cromartie, | ) | C/A No. 3:25-13542-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Anthony Cromartie, filed this employment case raising claims pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq., against his former employer, the South Carolina Department of Transportation.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 4.) The motion has been fully briefed and is ready for disposition. (See ECF Nos. 14, 16.) Having reviewed the parties' submissions and the applicable law, the court recommends the defendant's motion be granted.

DISCUSSION

A.     **Applicable Standards**

In its motion, the defendant seeks dismissal of Plaintiff's claims based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as

---

[1] This matter was removed from the Richland County Court of Common Pleas. (ECF No. 1.)

mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

By contrast, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.     Plaintiff's FMLA Claims**

Plaintiff alleges that he "suffers from a serious health condition (PTSD)." (Compl. ¶ 5, ECF No. 1-1 at 2.) Plaintiff's allegations include statements that "Defendant's actions constitute unlawful interference, restraint, and/or denial of the Plaintiff's rights under FMLA" (id. ¶ 12, ECF No. 1-1 at 3) and that "Defendant's actions constitute retaliation, discharge, and/or discrimination under the FMLA" (id. ¶ 18, ECF No. 1-1 at 4). The defendant seeks dismissal of this action, arguing that all of Plaintiff's claims are barred by sovereign immunity under the Eleventh Amendment of the United States Constitution. (ECF No. 4.) Plaintiff does not respond to this argument; rather, he argues that he has pled facts sufficient to state claims for relief. (ECF No. 14.)

The sole defendant, the South Carolina Department of Transportation, is an arm of the State of South Carolina. See S.C. Code Ann. § 1-30-10(A)(19) (creating the department of transportation as a state agency within the executive branch). Sovereign immunity protects the State of South Carolina and its agencies, unless the state has consented to suit or where Congress abrogates the sovereign immunity of a state. See S.C. Code Ann. § 15-78-20; cf. Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005) (holding that a state "having not already consented to suit in its own courts, did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question"); Mensack v. S.C. Dep't of Mental Health, No. 3:16-CV-0723-CMC-KDW, 2016 WL 4374845, at *2 & n.2 (D.S.C. Aug. 17, 2016) (distinguishing sovereign immunity and Eleventh Amendment immunity and stating that "[w]hile Lapides [v. Bd of Regents, 535 U.S. 613 (2002)] stands for the proposition a state may waive Eleventh Amendment immunity by removing an action to federal court, that waiver does not

preclude a state from relying on sovereign immunity if the state remains immune from suit for the same claim in its own courts.").

In its motion, the defendant contends that Plaintiff's FMLA claim—because it is brought pursuant to the self-care provision of the FMLA—is barred by sovereign immunity.  The court agrees, as Supreme Court precedent is clear on this point.  See Coleman v. Court of Appeals of Maryland, 566 U.S. 30, 33 (2012) (holding that state employees cannot recover damages from state agencies for claims arising under the FMLA's self-care provisions due to sovereign immunity); Busha v. S.C. Dep't of Mental Health, C/A No. 6:17-571-MGL-KDW, 2017 WL 9289389, at *12 n.10 (D.S.C. Aug. 31, 2017) (noting that removal did not "operate as waiver of immunity because South Carolina has not waived its sovereign immunity to be sued under the [self-care provision of the] FMLA in her own courts"), report and recommendation adopted, 2017 WL 4230587 (D.S.C. Sept. 25, 2017).  Plaintiff's claim unequivocally relates to his own medical condition rather than leave to take care of a family member.  Accordingly, Plaintiff's FMLA claims fail as a matter of law and these claims should be dismissed.

# RECOMMENDATION

Based on the foregoing, the defendant's motion to dismiss[2] (ECF No. 4) should be granted.

_____
Paige J. Gossett

March 25, 2026                Paige J. Gossett
Columbia, South Carolina      UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[2] The Fourth Circuit has recognized that the defense of sovereign immunity is a jurisdictional bar, stating that " 'sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.' " Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 649 (4th Cir. 2018) (quoting Ackerson v. Bean Dredging LLC, 589 F.3d 196, 207 (5th Cir. 2009)); see alsoJackson Creek Marine, LLC v. Maryland, 153 F.4th 423, 429 n.4 (4th Cir. 2025) (describing sovereign immunity as "an odd jurisdictional bar" that "is somewhat of a hybrid between subject matter and personal jurisdiction"). Accordingly, the recent trend has been to consider sovereign immunity under Rule 12(b)(1) rather than Rule 12(b)(6).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).